# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HARRY JAKEYIA ASHFORD, et al., | ) | |
| Plaintiffs, | ) | Civil Case No. 06-1561 (RJL) |
| v. | ) | |
| EAST COAST EXPRESS EVICTION et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER AND PARTIAL JUDGMENT

On September 5, 2006, a group of eviction workers, on behalf of themselves and others similarly situated, brought this suit against their employers. The plaintiffs claim entitlement to injunctive relief and damages based on the defendants' violations of federal and state minimum wage and antitrust laws, unjust enrichment, and restitution in *quantum meruit*. (*See* Second Am. Compl. [#156]). On January 28, 2010, the Court entered partial default judgment and granted injunctive relief against East Coast Express Eviction, Nelson Terry, Crawford & Crawford, Vincent Crawford, Choya Lord Rodriguez, and Platinum Realty Services, Inc. (Partial Default Judgment and Order [#180]). Now before the Court is the plaintiffs' Motion for Summary Judgment and for Entry of an Injunction [#173] against the remaining defendants, Butch Enterprises, Inc. and Irwin "Butch" Staten (collectively, the "Butch Defendants"). The plaintiffs filed their motion on March 27, 2009, and on April 9, the Butch Defendants moved for an extension of time to

respond [#177]. The Court granted the motion to extend and gave the Butch Defendants until May 1, 2009, to file their response. (Minute Order dated Apr. 16, 2009). To date, the Butch Defendants have not done so.

Local Rule of Civil Procedure 7(b) provides that if an opposing party fails to file a memorandum in opposition within the prescribed time limit, the court may treat the motion as conceded. LCvR 7(b). This rule is a "docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of issues." *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004). In *Fox*, the D.C. Circuit affirmed the District Court's holding that "because the plaintiffs failed to respond to the defendant's . . . motion, the court treats the motion as conceded and grants the motion." *Id.* (internal quotation marks omitted). Whether to treat the motion as conceded under Local Rule 7(b) is highly discretionary, and our Circuit Court has noted that "[w]here the district court relies on the absence of a response as a basis for treating the motion as conceded, [the D.C. Circuit will] honor its enforcement of the rule." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997).

Because the Butch Defendants have failed to file their memorandum in opposition, even though the Court granted an extension of time to file it, the Court will treat the plaintiffs' Motion for Summary Judgment and for Entry of an Injunction [#173] as conceded. Accordingly, upon consideration of that motion and the Second Amended Complaint [#156], it is this 4 day of March, 2010, hereby

**ORDERED** that the plaintiffs' Motion for Summary Judgment on Liability Against Defendants Irwin Staten and Butch Enterprises, Inc. and for Entry of an Injunction [#173] is **GRANTED**; it is further

**ORDERED** that Partial Judgment shall be entered for the plaintiffs as to the Butch Defendants; it is further

**ORDERED** that the Butch Defendants shall not comply with or form any agreement to pay their employees a sub-minimum wage or to otherwise fix, suppress, stabilize, or maintain at non-competitive levels the wages of their employees; it is further

**ORDERED** that the Butch Defendants shall pay their employees at least the minimum wage applicable in the jurisdiction where the employees perform their work; and it is further

**ORDERED** that the Butch Defendants shall maintain records for all employees as required by the minimum wage laws of the jurisdiction where the employees perform their work.

The Court reserves judgment on the outstanding issue of damages.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge

3